## IN UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:14-cv-2998

Rijael Kleiman,

      Plaintiff/Movant,

Comcast Holdings Corporation,

      Defendant.

---

## COMPLAINT

---

For this Complaint, the Plaintiff, Rijael Kleiman, by undersigned counsel, states as follows:

### JURISDICTION

1.      This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. ("TCPA").

2.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

### PARTIES

3.      Plaintiff, Rijael Kleiman ("Plaintiff"), is an adult individual residing in Boulder, Colorado, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

4.      Defendant Comcast Holdings Corporation ("Comcast"), is a Pennsylvania business entity with an address of 1701 John F. Kennedy Boulevard, Philadelphia, Pennsylvania 19103, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

## FACTS

5.      Within the last year, Comcast contacted Plaintiff in an attempt to solicit to

Plaintiff its services.

6.      At all times mentioned herein, Comcast called Plaintiff's cellular telephone,

number 720-xxx-7226, by using an automated telephone dialer system ("ATDS").

7.      Comcast called Plaintiff from telephone number, (800) 266-2278.

8.      When Plaintiff answered calls from Comcast, she was met with a period of silence

before being connected to the next available Comcast representative.

9.      Plaintiff has no business relationship with Comcast and never requested to be

contacted.

10.     Plaintiff never provided her telephone number to Comcast or her express consent

for them to call her cellular telephone number.

11.     During a live conversation, Plaintiff advised Comcast that they were calling the

wrong person and demanded that all calls to her number cease.

12.     Despite the foregoing, Comcast continued to call Plaintiff at an annoying and

harassing rate.

## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT –

### 47 U.S.C. § 227, *et seq.*

13.     The Plaintiff incorporates by reference all of the above paragraphs of this

Complaint as though fully stated herein.

14.     At all times mentioned herein and within the last year, Comcast called Plaintiff on

her cellular telephones using an ATDS or predictive dialer.

15.     In expanding on the prohibitions of the TCPA, the Federal Communications

Commission (FCC) defines a Predictive Dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…"2003 TCPA Order, 18 FCC 36 Rcd 14022. The FCC explains that if a representative in not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration."  Id. In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned."  Id.

16.     Comcast's telephone systems have some earmarks of a Predictive Dialer.

17.     When Plaintiff answered the phone, she was met with a period of silence before Comcast's telephone system would connect her to the next available representative.

18.     Comcast's Predictive Dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

19.     Comcast continued calling Plaintiff by means of automatic telephone calls to her cellular phone knowing that it lacked consent to call her number. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

20.     The telephone number called by Comcast was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

21.     The calls from Comcast to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

22.     Plaintiff is entitled to an award of $500.00 in statutory damages for each call

made in negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

23.     As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that judgment be awarded in his favor and against the Defendant as follows:

1. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

2. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C);

3. Such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: November 5, 2014

Respectfully submitted,

By  */s/ Jenny DeFrancisco*

Jenny DeFrancisco, Esq.
CT Bar No.: 432383
LEMBERG LAW LLC
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
E-mail: jdefrancisco@lemberglaw.co
*Attorneys for Plaintiff*

Plaintiff:
Rijael Kleiman

4

3071 North Lakewood Trail
Boulder, CO 80302